IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUDY CURLEY, o/b/o J.K.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:07cv905-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On September 16, 2008, plaintiff's counsel filed an application for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1). (Doc. # 27). Plaintiff's counsel requested that payment of fees be paid to counsel because the plaintiff signed a fee agreement in which she assigned any fees awarded to her attorney. The parties agree that $4,280.48 is a reasonable attorney's fee in this case. *See* Docs. # 31 & 32.

On May 5, 2008, the Eleventh Circuit Court of Appeals decided *Reeves v. Astrue*, ___ F.3d ___, 2008 WL 1930587 (11th Cir. May 5, 2008) (No. 07-11404) in which the Court unambiguously held that "attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney." *Id.* Accordingly, upon consideration of the motion and for good cause, it is

ORDERED as follows:

1. That the plaintiff's application for attorney's fees and expenses (doc. # 27) be and is hereby GRANTED to the extent that the plaintiff be and is hereby AWARDED fees

and expenses in the amount of $4,280.48.

    2.    To the extent that plaintiff's counsel requests that fees should be awarded to directly to counsel, 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party.  *See* 28 U.S.C. § (d)(2)(B).  *See also Reeves v. Astrue*, ___ F.3d ___, 2008 WL 1930587 (11th Cir. May 5, 2008) (No. 07-11404).  The motion that fees be paid directly to counsel be and is hereby DENIED.

    Done this 15th day of October, 2008.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

2